United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CLICK and MARIE CLICK,

    Plaintiffs,

    v.

DORMAN LONG TECHNOLOGY, LTD.; MICHAEL CHARLES WADE; DAVID JOHN ROLTON; ROBERT DODD; and DAVID JOHN DYER,

    Defendants.

_____/

No. C 06-1936 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss and in the alternative to strike plaintiffs' complaint came on for hearing before this court on September 6, 2006. Plaintiffs, Robert Click and Marie Click ("plaintiffs"), appeared through their counsel, Morgan C. Smith. Defendants, Dorman Long Technology, Ltd., Michael Wade, David Rolton, Robert Dodd, and David Dyer ("defendants"), appeared through their counsel, Lynn R. Fiorentino. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and as follows.

**BACKGROUND**

    This is a product liability case. It arises out of an accident that occurred on the San Rafael-Richmond Bridge in April 2004. Plaintiff Robert Click was injured on the job while working for his employer, Tutor-Saliba/Koch/Tidewater/JV ("TSKT"). Plaintiff was injured by a strand jack that was manufactured by defendant Dorman Long Technology, Ltd. ("Dorman"), and which Dorman sold to TKST.

    As a result of plaintiff's accident and injury, plaintiff and his wife, Marie Click, filed a

complaint against defendant Dorman in Contra Costa County Superior Court on April 12, 2005. On July 28, 2005, Dorman removed the complaint on diversity grounds to this court. See Click v. Dorman et al., C 05-3037 PJH. On November 15, 2005, plaintiffs amended their complaint to include Hydrospex Power Equipment BV ("Hydrospex Power"), a Dutch business entity also alleged to be the designer, distributor, seller and wholesaler of the strand jack in question, as defendant. See generally First Amended Unverified Complaint for Damages ("original complaint"). The original complaint alleges four causes of action against defendants: (1) negligence; (2) negligence per se; (3) strict products liability; and (4) products liability - negligence. See id.

Subsequent to the filing of the original complaint, on March 14, 2006, plaintiffs filed the action presently before the court. The instant action again alleges claims stemming from the above accident against defendant Dorman, but includes four additional individual defendants, all of whom are Dorman employees: defendants Michael Wade, David Rolton, Robert Dodd, and David Dyer. See Unverified Complaint for Damages and Demand for Jury Trial ("second-filed complaint"). Hydrospex Power is not a named defendant. The action alleges three causes of action against defendants: (1) negligence; (2) products liability - negligence; and (3) strict products liability. See id.

All defendants to the second filed complaint have now filed a motion to dismiss that complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b).[1] Defendants make three arguments: first, that the second-filed complaint is impermissibly duplicative or redundant of the original complaint. Second, that personal jurisdiction is lacking over the individual defendants. Finally, defendants argue that plaintiffs' complaint must be dismissed for ineffective service of process. In the alternative, defendants seek an order striking plaintiffs' complaint pursuant to FRCP 12(f).

Defendants have also requested that the court take judicial notice of certain

---

[1] At the hearing on the motion, plaintiffs' counsel voluntarily dismissed individual defendants Rolton, Dodd, and Dyer, leaving only defendant Dorman and individual defendant Wade as defendants named in the second-filed complaint.

2

documents.[2]

**DISCUSSION**

A.   Legal Standards

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

On a motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant.  See, e.g., Harris Rutsky & Co Ins. Serv., Inc. v. Bell & Clement Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003).  In determining whether a court has personal jurisdiction over a defendant, the court first applies the forum state's long-arm statute and then considers whether its application comports with due process requirements.  Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993).  Here, California's long-arm statute authorizes the exercise of personal jurisdiction to the outer limits of federal due process.

Due process requires that the non-resident defendant have sufficient minimum contacts with the forum state such that imposition of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945).  The relationship between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the particular suit which is

---

[2] Defendants have specifically requested that the court take judicial notice of certain pleadings filed in connection with the original underlying action, C 05-3037 PJH, and as well as international law regarding service of process.  The court hereby GRANTS defendants' request for judicial notice, finding that the request comports with Federal Rule of Evidence 201.

3

brought there." Id. at 317.  In so determining, the court must obtain personal jurisdiction over the defendant in the form of either general or specific jurisdiction.  Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984).

B.     Duplicative Nature of Second-Filed Complaint

Defendants assert that the instant complaint must be either dismissed pursuant to FRCP 12(b)(6) or stricken pursuant to FRCP 12(f) in its entirety because it is either duplicative or redundant of the original complaint filed by plaintiffs.  The court has discretion, where a plaintiff is seeking to maintain identical actions, to dismiss the later-filed action, to stay that action pending resolution of the former, or to consolidate both actions.  See, e.g., Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977).

Here, the original complaint filed by plaintiffs is identical to the instant second-filed complaint in most respects.  The only differences are that the second-filed complaint adds the four individual defendants and excludes defendant Hydrospex Power, and does not include a negligence per se cause of action.  But these differences are not material, as (1) the four additional individual defendants are all employees of Dorman, a defendant in both cases, and (2) the fact that the second-filed complaint excludes one cause of action does not change the fact that it covers precisely the same three claims as the original action.  As such, the second-filed complaint is in actuality no different from the first.

At the hearing on this matter, counsel for plaintiffs indicated that, as a solution to defendants' challenge, plaintiffs would prefer to proceed in accordance with the second-filed complaint, and are willing to dismiss the original complaint.  Accordingly, the court hereby DISMISSES the original complaint, and plaintiffs shall proceed under the instant second-filed complaint.

C.     Personal Jurisdiction

The parties dispute whether personal jurisdiction may be exercised over individual defendant Michael Wade.  Defendants argue that no personal jurisdiction exists in view of the fact that defendant Wade is a United Kingdom resident and employee of defendant

4

Dorman, whose only few contacts with the state of California occurred as an employee representative, rather than in an individual capacity. Plaintiffs for their part concede that general jurisdiction does not exist, but contend that specific jurisdiction does.

Specific personal jurisdiction exists over a non-resident defendant where the following three prong test is met: (1) the non-resident defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state for purposeful availment of the privileges of conducting activities within the forum; (2) plaintiff's cause of action arises out of or results from the defendant's forum-related conduct; and (3) the forum state's exercise of personal jurisdiction in the particular case would be reasonable. See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002); see also Burger King v. Rudzewicz, 471 U.S. 462, 477-78 (1985). These requirements protect non-residents from being sued in foreign courts as a result of "random, fortuitous or attenuated contacts" over which they had no control. Burger King, 471 U.S. at 477-78.

Here, the extent of defendant Wade's contacts with California are not disputed: Wade, who acts as an Operations Director for defendant Dorman in the United Kingdom, supplied information to TSKT, plaintiff Click's California employer, through email, phone and mail correspondence regarding the types of strand jacks sold by Dorman; he faxed a quote to TSKT regarding available equipment; and he traveled to California twice for a period of 4 days in order to finalize the sale of Dorman's strand jack to TSKT. See Declaration of Paul Lankford in Support of Defendants' Motion to Dismiss ("Lankford Decl."), Ex 1. With respect to actual design of the strand jack, defendant Wade participated in the re-drawing of the equipment details, which needed to be converted from the original detail format that Dorman purchased from another company, into a Dorman detail format. See id. In short, all of Wade's contacts with California came in connection with his duties on behalf of Dorman, regarding Dorman's sale of the strand jack to TSKT.

The issue that the parties dispute, and that the court must decide, is whether these

acknowledged contacts, which were undertaken by Wade on behalf of his employer, are sufficient to support the exercise of specific personal jurisdiction over defendant Wade *in his individual capacity*.

Plaintiffs assert that the above contacts are sufficient to satisfy the purposeful availment prong in the first instance, since Wade's "action of re-drawing original equipment details for a defective strand jacking system and then effectuating the sale of this defective equipment to a business entity in California are clearly tortious actions." See Opp. Br. at 7:23-26. Moreover, "the fact that this defective equipment eventually caused serious bodily injury" in California further supports purposeful availment, according to plaintiffs. Plaintiffs also contend that the exercise of personal jurisdiction over defendant Wade is reasonable under the facts of the case, and that plaintiffs' claims arise out of the contacts, all of which collectively supports the exercise of specific jurisdiction over Wade.

The court is not persuaded by these arguments. First, as defendants point out, defendant Wade's contacts *on behalf of* corporate defendant Dorman are not necessarily enough to warrant the exercise of personal jurisdiction as to defendant Wade individually. See, e.g., M2 Software, Inc. v. M2 Communications, LLC, 149 Fed. Appx. 612, 615 (9th Cir. 2005)(under the fiduciary shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person"); Calder v. Jones, 465 U.S. 783, 790 (1984)("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there.").[3] Rather, in order for fiduciary shield protections to be unavailable to defendants acting on behalf of their employer – i.e., in order for personal jurisdiction to be exercised over a defendant such as Wade – a

---

[3] Defendants rely to a great extent on Seagate v. A.J. Kogyo Co., 219 Cal. App. 3d 696, 703-04 (1990). While that case is relevant in that it held that a court must ascertain personal jurisdiction under a similar scenario by assessing whether a non-resident employee's contacts are acts for which they are personally liable, and set forth a unique test by which to do so, that case is only persuasive authority, as it deals with a procedural issue. While federal courts look to relevant state law on questions of substantive law in certain circumstances, they do not generally look to state law for questions of procedure.

6

1  defendant's contacts must give rise to some identifiable theory of liability pursuant to which
2  the defendant's contacts on behalf of the corporate employer may justifiably be imputed to
3  the defendant individually.  See, e.g., Davis v. Metro Prod., Inc., 885 F.2d 515, 521 (9th Cir.
4  1989).  Accordingly, plaintiffs here must make a prima facie showing that some theory of
5  liability allows for Wade's contacts, which were conducted on defendant Dorman's behalf,
6  to be imputed to him in his personal capacity.

7  Plaintiffs, however, fail to identify any legal theory that would allow the court to
8  impute Wade's contacts to him individually.  Plaintiffs allege no alter ego relationship, nor
9  any sufficient identity of interests between Wade and defendant Dorman, to make such a
10  claim.  Nor do they allege a viable theory of liability under which a suit might be brought
11  against defendant Wade individually.  Plaintiffs allege only that defendant Wade's actions in
12  re-drawing equipment details for the strand jack and in effectuating the sale of the
13  purportedly defective strand jack in California are "tortious" in nature, appearing to rely on
14  their broad allegations that defendant "negligently and carelessly construct[ed], inspect[ed],
15  maintain[ed], supervis[ed], engineer[ed], design[ed], perform[ed], plann[ed] the work and
16  equipment" relating to plaintiffs' injury, and that defendant "knew the [strand jack] would be
17  purchased and used without inspection for defects."  See second filed complaint, ¶¶ 17, 23.

19  While these allegations are premised on negligence-based causes of action, they do
20  not sufficiently set forth any grounds that justify imputing Wade's contacts to him
21  personally.  This is because, even if true, plaintiffs' allegations do not allege any
22  intentionally targeted activity by Wade towards a California resident, nor do they
23  demonstrate that Wade expressly aimed his conduct at a California resident.  Plaintiffs'
24  allegations allege only untargeted negligence, which courts have expressly held insufficient
25  to warrant the exercise of jurisdiction.  See Davis v. Metro Prod., 885 F.2d at 521; Calder v.
26  Jones, 465 U.S. 783, 789-90 (1984).  Indeed, in Davis, although the Ninth Circuit ultimately
27  found that specific jurisdiction existed over two officers and directors and sole shareholders

7

of a corporation, it first found the fiduciary shield doctrine inapplicable, based on the individuals' *intentionally targeted* tortious activity towards the forum state. See 885 F.2d at 522. The court distinguished the defendants' conduct from general untargeted negligence such as that alleged by plaintiffs here. Id.

Furthermore, unlike in Davis, defendant Wade is not alleged to be an executive officer or director of defendant Dorman, or a primary shareholder. He is alleged to be only an employee of Dorman's. See second filed complaint, ¶ 12. Accordingly, the court is not compelled in the same way as in Davis to disregard the fiduciary shield doctrine.

Moreover, the court notes that plaintiffs themselves appear to take an inconsistent position on the issue. Although they argue that defendant Wade's contacts on behalf of Dorman should be imputed to Wade personally, plaintiffs' complaint alleges that reference to "any act of any corporate or other business [d]efendant ... shall mean that *such corporation or other business did the acts alleged in the complaint* through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority." See second filed complaint, ¶ 7. This allegation appears to state that all contacts on behalf of defendant Dorman should specifically be interpreted as acts of Dorman, rather than as acts of the individual employee.

For all these reasons, the court is not satisfied that defendant Wade has purposefully availed himself of the privilege of doing business within the state of California, and that his contacts on behalf of Dorman should be imputed to him for purposes of establishing specific jurisdiction over him individually.

Even if, however, plaintiff were able to satisfy the court that Wade's contacts with the state should be imputed to him individually, the court would still find the exercise of personal jurisdiction unreasonable under the circumstances. Defendant Wade is a foreign resident of the United Kingdom, his contacts with the state were of limited duration and nature, and requiring him to litigate the present action in California, particularly in view of

1 the fact that Wade's limited contacts were undertaken at the behest of his employer, would
2 place a substantial burden upon him that is not outweighed by the interests of either the
3 state or the plaintiffs. And where, considering the international context, there is a heavy
4 burden on an international defendant, compared with slight interests on the part of
5 plaintiff(s) and the forum state, the exercise of personal jurisdiction is deemed
6 unreasonable and unfair. See Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102,
7 115 (1987)("Great care and reserve should be exercised when extending our notions of
8 personal jurisdiction into the international field."). So here.

In sum, and for all the above reasons, the court finds that the exercise of personal jurisdiction over defendant Wade would not comport with traditional notions of fair play and substantial justice. Accordingly, plaintiffs' complaint is DISMISSED with respect to him.

D.   Service of Process

Defendants have also argued that the complaint should be dismissed as to individual defendant Wade because service of process as to him was faulty. However, in view of the court's finding that personal jurisdiction may not be exercised over defendant Wade, it is unnecessary for the court to reach this argument, and it accordingly declines to do so here.[4]

E.   Conclusion

For all the above reasons, the court orders as follows: plaintiffs' original complaint, filed in Click v. Dorman et al., C 05-3037 PJH, is hereby DISMISSED, with prejudice as to defendant Dorman, and without prejudice as to defendant Hydrospex, who may be added to the second-filed complaint if appropriate. Plaintiffs shall now proceed with their claims in connection with the instant second-filed action. However, plaintiffs shall proceed against defendant Dorman only. Individual defendants David John Rolton, Robert Dodd, and David

---

[4] Despite its holding, the court notes that plaintiffs' counsel stated at the hearing on the instant motion that service of process has now been properly made on defendant Wade, pursuant to the proper protocols applicable under the Hague Convention. To date, however, no proof of service has yet been filed with the court.

John Dyer are DISMISSED, in accordance with plaintiffs' voluntary stipulation at the hearing, and individual defendant Michael Charles Wade is DISMISSED for lack of personal jurisdiction, as stated above.

A case management conference will be held on **October 26, 2006** at **2:30 p.m.**, in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California. A joint case management statement shall be filed one week before the conference.

**IT IS SO ORDERED.**

Dated:   September 14, 2006

PHYLLIS J. HAMILTON
United States District Judge